UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

METROPOLITAN TAXICAB BOARD OF TRADE;
MIDTOWN CAR LEASING CORP.; BATH CAB
CORP.; RONART LEASING CORP.; GEID CAB
CORP.; LINDEN MAINTENANCE CORP.; and ANN
TAXI,

08 Civ. 7837 (PAC)

                                       Plaintiffs,    **ANSWER**

-against-

CITY OF NEW YORK; MICHAEL R. BLOOMBERG, in
his official capacity as Mayor of the City of New York;
THE NEW YORK CITY TAXI & LIMOUSINE
COMMISSION ("TLC"); MATTHEW W. DAUS, in his
official capacity as Commissioner, Chair, and chief
Executive Officer of the TLC; PETER SCHENKMAN, in
his official capacity as Assistant Commissioner of the
TLC for Safety & Emissions; and ANDREW SALKIN, in
his official capacity as first Deputy Commissioner of the
TLC,

                                         Defendants.

------------------------------------------------------------------ x

        Defendants, the City of New York ("The City"), Michael R. Bloomberg, The New York City Taxi and Limousine Commission ("TLC"), Matthew W. Daus, Peter Schenkman, and Andrew Salkin (collectively, "Defendants") by their attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, as and for their answer to the Complaint herein, state as follows:

        1.      Deny the allegations set forth in paragraph 1 of the complaint.

2. Deny the allegations set forth in paragraph 2 of the complaint, and respectfully refer the Court to its Order and Opinion of October 31, 2008 for its complete text and import.

3. Deny the allegations set forth in paragraph 3 of the complaint.

4. Deny the allegations set forth in paragraph 4 of the complaint.

5. Admit the allegations set forth in paragraph 5 of the complaint.

6. Admit the allegations set forth in paragraph 6 of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12. Deny the allegations set forth in paragraph 12 of the complaint, except admit that the City of New York is a municipality organized and existing under the laws of the State of New York.

13. Deny the allegations set forth in paragraph 13 of the complaint, except admit that the TLC is an administrative agency of the City of New York created by § 2300 of the

NYC Charter, and respectfully refer the Court to that statute for a true and complete statement of the agency's purpose, powers and responsibilities.

14. Deny the allegations set forth in paragraph 14 of the complaint, except admit that Michael R. Bloomberg is the Mayor of the City of New York.

15. Deny the allegations set forth in paragraph 15 of the complaint, except admit that Matthew W. Daus is the Commissioner, Chair and Chief Executive Officer of the TLC.

16. Deny the allegations set forth in paragraph 16 of the complaint, except admit that Peter Schenkman is an Assistant Commissioner of the TLC and in charge of the TLC's Safety and Emissions Facility.

17. Deny the allegations set forth in paragraph 17 of the complaint, except admit that Andrew Salkin is the First Deputy Commissioner of the TLC.

18. Deny the allegations set forth in paragraph 18 of the complaint, except admit that the plaintiffs purport to proceed as alleged therein, and respectfully refer the Court to TLC Rules § 1.78(a)(3) and §§ 3.03(c)(10), (11) for their complete text and import.

19. Deny the allegations set forth in paragraph 19 of the complaint and respectfully refer the Court to 49 U.S.C. § 32919(a) and 42 U.S.C. § 7543(a) for their complete text and import.

20. Admit the allegations set forth in paragraph 20 of the complaint.

21. Admit the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint and respectfully refer the Court to NYC Charter § 2300 and NYC Admin. Code § 19-502(1) for their complete text and import.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint and respectfully refer the Court to TLC Rules, § 1.78 for its complete text and import.

26. Deny the allegations set forth in paragraph 26 of the complaint and respectfully refer the Court to TLC Rules, § 1.78 for its complete text and import.

27. Deny the allegations set forth in paragraph 27 of the complaint and respectfully refer the Court to the "Statement of Basis and Purpose" of the Lease Cap Amendments for its complete text and import.

28. Deny the allegations set forth in paragraph 28 of the complaint and respectfully refer the Court to the "Statement of Basis and Purpose" of the Lease Cap Amendments for its complete text and import.

29. Deny the allegations set forth in paragraph 29 of the complaint, and respectfully refer the Court to the November 14, 2008 press release of Mayor Bloomberg for its complete text and import.

30. Deny the allegations set forth in paragraph 30 of the complaint and respectfully refer the Court to the March 26, 2009 press release of Mayor Bloomberg for its complete text and import.

31. Deny the allegations set forth in paragraph 31 of the complaint and respectfully refer the Court to the transcript of the December 18, 2008 TLC hearing cited by Plaintiffs for its complete text and import.

32. Deny the allegations set forth in paragraph 32 of the complaint and respectfully refer the Court to the transcript of the March 26, 2009 TLC hearing cited by Plaintiffs for its complete text and import.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. Deny the allegations set forth in paragraph 34 of the complaint.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. Deny the allegations set forth in paragraph 36 of the complaint.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. Deny the allegations set forth in paragraph 41 of the complaint.

42. Neither admit nor deny the allegations set forth in paragraph 42 of the complaint as they constitute arguments and conclusions of law, but to the extent that the Court deems a response is necessary, deny so much of said allegations that allege or purport to allege that the Defendants acted improperly or illegally.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. Neither admit nor deny the allegations set forth in paragraph 44 of the complaint as they constitute arguments and conclusions of law, but to the extent that the Court deems a response is necessary, deny so much of said allegations that allege or purport to allege that the Defendants acted improperly or illegally.

45. Neither admit nor deny the allegations set forth in paragraph 45 of the complaint as they constitute arguments and conclusions of law, but to the extent that the Court

deems a response is necessary, deny so much of said allegations that allege or purport to allege that the Defendants acted improperly or illegally.

46. Neither admit nor deny the allegations set forth in paragraph 46 of the complaint as they constitute arguments and conclusions of law, but to the extent that the Court deems a response is necessary, deny so much of said allegations that allege or purport to allege that the Defendants acted improperly or illegally.

47. Neither admit nor deny the allegations set forth in paragraph 47 of the complaint as they constitute arguments and conclusions of law, but to the extent that the Court deems a response is necessary, deny so much of said allegations that allege or purport to allege that the Defendants acted improperly or illegally and respectfully refer the Court to 49 U.S.C. § 32902(f) for its complete text and import.

48. Neither admit nor deny the allegations set forth in paragraph 48 of the complaint as they constitute arguments and conclusions of law, but to the extent that the Court deems a response is necessary, deny so much of said allegations that allege or purport to allege that the Defendants acted improperly or illegally.

49. Neither admit nor deny the allegations set forth in paragraph 49 of the complaint as they constitute arguments and conclusions of law, but to the extent that the Court deems a response is necessary, deny so much of said allegations that allege or purport to allege that the Defendants acted improperly or illegally and respectfully refer the Court to H.R. Rep. No. 340, 94th Cong., 1st Sess. 87 (1975) for its full text and import.

50. Neither admit nor deny the allegations set forth in paragraph 50 of the complaint as they constitute arguments and conclusions of law, but to the extent that the Court

deems a response is necessary, deny so much of said allegations that allege or purport to allege that the Defendants acted improperly or illegally.

51. Deny the allegations set forth in paragraph 51 of the complaint.

52. Deny the allegations set forth in paragraph 52 of the complaint and respectfully refer the Court to 49 U.S.C. § 32919(a) for its complete text and import.

53. Deny the allegations set forth in paragraph 53 of the complaint.

54. Deny the allegations set forth in paragraph 54 of the complaint and respectfully refer the Court to 49 U.S.C. § 32919(c) for its complete text and import.

55. Deny the allegations set forth in paragraph 55 of the complaint.

56. Deny the allegations set forth in paragraph 56 of the complaint.

57. Deny the allegations set forth in paragraph 57 of the complaint and respectfully refer the Court to 42 U.S.C. § 7543(a) for its complete text and import.

58. Deny the allegations set forth in paragraph 58 of the complaint.

59. Deny the allegations set forth in paragraph 59 of the complaint.

60. Deny the allegations set forth in paragraph 60 of the complaint.

61. Deny the allegations set forth in paragraph 61 of the complaint and respectfully refer the Court to 42 U.S.C. §§ 7410, 7581 and 7586 for their complete text and import.

62. Neither admit nor deny the allegations set forth in paragraph 50 of the complaint as they constitute arguments and conclusions of law, but to the extent that the Court deems a response is necessary, deny so much of said allegations that allege or purport to allege that the Defendants acted improperly or illegally.

63. Repeat and reallege the responses to paragraphs 1 through 62 of the complaint as though fully set forth herein.

64. Deny the allegations set forth in paragraph 64 of the complaint.

65. Deny the allegations set forth in paragraph 65 of the complaint.

66. Deny the allegations set forth in paragraph 66 of the complaint, and respectfully refer the Court to 49 U.S.C. § 32919(b) for its full text and import.

67. Deny the allegations set forth in paragraph 67 of the complaint, and respectfully refer the Court to 49 U.S.C. § 32919(c) for its full text and import.

68. Deny the allegations set forth in paragraph 68 of the complaint.

69. Deny the allegations set forth in paragraph 69 of the complaint.

70. Deny the allegations set forth in paragraph 70 of the complaint and respectfully refer the Court to U.S. Const., art. VI, cl. 2 for its full text and import.

71. Deny the allegations set forth in paragraph 71 of the complaint.

72. Deny the allegations set forth in paragraph 72 of the complaint, except admit that the plaintiffs purport to proceed as alleged therein.

73. Deny the allegations set forth in paragraph 73 of the complaint.

74. Repeat and reallege the responses to paragraphs 1 through 73 of the complaint as though fully set forth herein.

75. Deny the allegations set forth in paragraph 75 of the complaint and respectfully refer the Court to 42 U.S.C. § 7543(a) for its complete text and import.

76. Deny the allegations set forth in paragraph 76 of the complaint and respectfully refer the Court to 42 U.S.C. § 7543(a) for its complete text and import.

77. Deny the allegations set forth in paragraph 77 of the complaint and respectfully refer the Court to U.S. Const., art. VI, cl. 2 for its full text and import.

78. Deny the allegations set forth in paragraph 78 of the complaint.

79. Deny the allegations set forth in paragraph 79 of the complaint, except admit that the plaintiffs purport to proceed as alleged therein.

80. Deny the allegations set forth in paragraph 80 of the complaint.

81. Deny the allegations set forth in paragraph 81 of the complaint and respectfully refer the Court to 42 U.S.C. §§ 7581 and 7586 for their complete text and import.

82. Deny the allegations set forth in paragraph 82 of the complaint and respectfully refer the Court to 42 U.S.C. § 7586(b) for its complete text and import.

83. Deny the allegations set forth in paragraph 83 of the complaint and respectfully refer the Court to 42 U.S.C. § 7581 for its complete text and import.

84. Deny the allegations set forth in paragraph 84 of the complaint and respectfully refer the Court to 42 U.S.C. § 7410 for its complete text and import.

85. Neither admit nor deny the allegations set forth in paragraph 85 of the complaint as they constitute arguments and conclusions of law, but to the extent that the Court deems a response is necessary, deny so much of said allegations that allege or purport to allege that the Defendants acted improperly or illegally.

86. Deny the allegations set forth in paragraph 86 of the complaint.

87. Deny the allegations set forth in paragraph 87 of the complaint.

88. Deny the allegations set forth in paragraph 88 of the complaint and respectfully refer the Court to 42 U.S.C. §§ 7586(a) and 7586(f)(4) for their complete text and import.

89. Deny the allegations set forth in paragraph 89 of the complaint.

## AFFIRMATIVE STATEMENT OF MATERIAL FACTS

90. The pertinent and material facts supporting the Defendants' actions are set forth in the declarations of Andrew Salkin and Ramin Pejan, dated April 27, 2009, in support of the Defendants' opposition to the Plaintiffs' motion for a preliminary injunction.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. The complaint fails to state a claim against defendants upon which relief can be granted.

### SECOND DEFENSE

2. Plaintiffs have failed to rebut the presumption against preemption.

### THIRD DEFENSE

3. The TLC Lease Cap Amendments are not preempted by the Energy Policy and Conservation Act ("EPCA"), 49 U.S.C. § 32919, as they are not "related to" a fuel economy standard.

4. The Lease Cap Amendments establish a program of incentives designed to encourage the purchase of hybrid and clean diesel vehicles.

5. The Lease Cap Amendments do not mandate the purchase of any particular vehicle, and preserve choice among the list of TLC-approved taxicab models.

6. In the alternative, even if the $12.00 per shift downward lease rate adjustment when fully implemented is pre-empted by EPCA, neither the $4.00 per shift downward lease rate adjustment beginning on May 1, 2009, nor the $8.00 per shift downward

lease rate adjustment beginning on May 1, 2010 mandate the purchase of any particular vehicle, and preserve choice among the list of TLC approved taxicab models.

7. The current market conditions incentivizing the purchase of Ford Crown Victorias are the result of TLC-imposed regulations that apply a single lease rate to all vehicle models and that have created a market distortion favoring the Crown Victoria, a vehicle with an EPA in-City fuel economy rating of 16 miles per gallon.

8. The Lease Cap Amendments correct this TLC-created market distortion.

9. The Lease Cap Amendments do not conflict with the text, intent or purpose of the EPCA.

## FOURTH DEFENSE

10. The TLC Lease Cap Amendments are not preempted by the Clean Air Act ("CAA") § 209, 42 U.S.C. § 7543, as they are not standards relating to the control of emissions from new motor vehicles.

11. The Lease Cap Amendments do not conflict with the CAA's objectives for state implementation plans ("SIPs"), whether as requirements (under CAA § 246) or as incentives (under CAA § 249).

12. The Lease Cap Amendments establish a program of incentives designed to encourage the purchase of hybrid and clean diesel vehicles.

13. The Lease Cap Amendments do not mandate the purchase of any particular vehicle, and preserve choice among the list of TLC-approved taxicab models.

14. In the alternative, even if the $12.00 per shift downward lease rate adjustment when fully implemented is pre-empted by CAA, neither the $4.00 per shift downward lease rate adjustment beginning on May 1, 2009, nor the $8.00 per shift downward

lease rate adjustment beginning on May 1, 2010 mandate the purchase of any particular vehicle, and preserve choice among the list of TLC approved taxicab models

15. The current market conditions incentivizing the purchase of Ford Crown Victorias are the result of TLC-imposed regulations that apply a single lease rate to all vehicle models and that have created a market distortion favoring the Crown Victoria, a vehicle with particular emissions characteristics.

16. The Lease Cap Amendments correct this TLC-created market distortion.

17. The Lease Cap Amendments do not conflict with the text, intent or purpose of the CAA.

Dated: New York, New York
July 21, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 788-1586

By: _____
RAMIN PEJAN (RP1977)
rpejan@law.nyc.gov
ADAM STOLOROW (AS5676)
astoloro@law.nyc.gov
Assistant Corporation Counsels