USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 23, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

METROPOLITAN TAXICAB BOARD OF TRADE;
MIDTOWN CAR LEASING CORP.; BATH CAB CORP.;
RONART LEASING CORP.; GEID CAB CORP.; LINDEN
MAINTENANCE CORP.; and ANN TAXI INC,

        Plaintiffs,

    -against-

CITY OF NEW YORK; MICHAEL R. BLOOMBERG,
in his official capacity as Mayor of the City of New York;
THE NEW YORK CITY TAXICAB & LIMOUSINE
COMMISSION ("TLC"); MATTHEW W. DAUS, in his
official Capacity as Commissioner, Chair, and Chief
Executive Officer of the TLC; PETER SCHENKMAN,
in his official capacity as Assistant Commissioner
for Safety & Emissions of the TLC; and ANDREW
SALKIN, in his official capacity as First Deputy
Commissioner of the TLC,

        Defendants.

------------------------------------------------------------------X

08 Civ. 7837 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs seek reconsideration of the Court's Order of July 21, 2009 ("July 21, 2009 Order") denying Plaintiffs leave to amend their Amended Complaint to add state-law claims. Plaintiffs argue that the Court relied on authorities that are no longer the prevailing case law for considerations of supplemental jurisdiction over state-law claims.

Reconsideration generally will be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Rule 6.3, Local Civil Rules, S.D.N.Y.

1

In denying Plaintiffs' leave to amend their Amended Complaint to add supplemental state-law claims, the Court cited to 28 U.S.C. § 1367 and United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). While § 1367 is the controlling statute, Plaintiffs argue that the discretionary standard from Gibbs is no longer applicable. But even under the Second Circuit's current standard for determining the exercise of supplemental jurisdiction over state-law claims, the Court finds that it has authority under 28 U.S.C. § 1367(c) to decline jurisdiction.

Under § 1367, the federal supplemental jurisdiction statute, where courts have original jurisdiction over a claim, courts "shall" also have supplemental jurisdiction over claims that are "so related" to other claims that they form part of the same case or controversy. See 28 U.S.C. § 1367(a). Even if supplemental jurisdiction is appropriate under § 1367(a), district courts may still decline to exercise supplemental jurisdiction over claims that fall into four categories:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. § 1367(c).

The Second Circuit has stated that a district court denying supplemental jurisdiction may no longer rely solely on the Gibbs factors of judicial economy, convenience, fairness, and comity, but must instead examine and apply the factors within § 1367(c). Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998) ("[T]he discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection

1367(c)."). This is not to say that the factors from Gibbs have no place in the district court's consideration. The Supreme Court, in discussing § 1367(c), has stated that the statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)); see also Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122-23 (2d Cir. 2006); Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998) ("The [Supreme] Court has continued to emphasize the need for federal courts to give weight to these concerns before exercising supplemental jurisdiction.").

Plaintiffs here filed an Amended Complaint on April 17, 2009, which brought causes of action related to principles of federal preemption and how TLC Rule § 1-78(a)(3)(ii) conflicted with the federal Energy Policy and Conservation Act ("EPCA") and Clean Air Act ("CAA"). Plaintiffs now seek to add new state-law claims challenging, as arbitrary and capricious, actions by the Taxicab & Limousine Commission ("TLC") to (1) lower the lease-cap rates for operators on non-hybrid taxicabs; and (2) prohibit owners from charging drivers a tax over and above the lease cap, as had been the prior practice. Plaintiffs also seek to challenge under state law the TLC's repeal of TLC Rule § 1-78(e), which required a cost-based rate determination before the TLC could make changes in the lease-cap rates.

The Court will assume for these purposes that it has supplemental jurisdiction under § 1367(a). Applying the § 1367(c) factors, the Court finds that both § 1367(c)(1) and (c)(2) provide justification for the Court's declination of supplemental jurisdiction. First, under § 1367(c)(1), while Plaintiffs' new state-law claims related to the internal processes of the TLC

3

may not be "novel," they do raise thorny and potentially "complex" issues relating to the scope of authority and procedural standards of a municipal agency, a question that is very much in the province, concern, and expertise of a state court, rather than a federal district court. The Second Circuit has affirmed the declination of supplemental jurisdiction over such state-law claims that relate to the scope of a statutory mandate for a state agency. See, e.g., Bad Frog Brewery, Inc. v. N.Y. State Liquor Auth., 134 F.3d 87, 102-03 (2d Cir. 1998) (affirming dismissal of state-law claims against the New York State Liquor Authority under § 1367(c)(1) because "the interests of comity and federalism are best served by the presentation of these uncertain state law issues to a state court"). The state court has far greater familiarity with the requirements of city and state administrative law and how the laws relate to the TLC's authority to adopt rules. Declination of supplemental jurisdiction over these thorny state-law questions is justified under § 1367(c)(1).

Section 1367(c)(2) also justifies the Court's decision to decline supplemental jurisdiction because the state-law claims would dominate over the single federal-law issue. Courts in this district consider the following factors when deciding whether to decline supplemental jurisdiction under § 1367(c)(2): the proof needed to establish the state-law issues; the scope of the state-law issues raised; or the comprehensiveness of the remedy sought. See Lynch v. United States Auto. Ass'n, 614 F. Supp. 2d 398, 403 (S.D.N.Y. 2007) (citing Gibbs, 383 U.S. at 726-27, and Grace v. Rosenstock, 228 F.3d 40, 55 (2d Cir. 2000)). Plaintiffs' Amended Complaint revolves around a single and narrow question: is TLC Rule § 1-78(a)(3)(ii) preempted by federal law? In ruling on the Plaintiffs' motion for a preliminary injunction, the Court examined two questions: (1) do the rules constitute a mandate; and (2) if so, are the rules preempted by the EPCA or the CAA. Plaintiffs now want the Court to address a separate and much broader issue: the procedures and process by which the TLC adopted the rules. In deciding the preliminary

injunction motion the Court presumed that § 1-78(a)(3)(ii) had been properly adopted. Adding these new state-law claims would expand the scope of the questions and review in this case well beyond the issues that gave the Court original jurisdiction. See McConnell v. Costigan, 00 Civ. 4598 (SAS), 2000 WL 1716273, *5 (S.D.N.Y. Nov. 16, 2000) (declining supplemental jurisdiction under § 1367(c)(2) because "the state law claims will require resolution of much broader issues" than the federal claims).

This is not the normal case. Plaintiffs amended their original Complaint to bring solely federal-law claims, and then waited three months—and for a favorable ruling on a preliminary injunction—to request leave to add new state-law claims of a wholly different scope. The issue of what procedures the TLC must follow when enacting rules is properly left to state authorities. Proper respect for federalism and comity dictate that this Court should not intervene on issues relating wholly to the procedures and scope of authority of a New York City administrative agency. Such issues are properly addressed by the state court; this Court declines to exercise supplemental jurisdiction, pursuant to § 1367(c)(1) and (c)(2). Plaintiffs' request for reconsideration is denied.

Dated: New York, New York
       July 23, 2009

SO ORDERED

/s/ Paul A. Crotty
PAUL A. CROTTY
United States District Judge